# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| TERENCE LEE BROOME | CIVIL ACTION |
|---|---|
| VERSUS | NO: 11-0825 |
| JEFFERSON PARISH | SECTION: "N" (4) |

## REPORT AND RECOMMENDATION

This case was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(A)(B) and Local Rule 73.1, for the submission of the Proposed Findings and Recommendations.

## I.      Factual and Procedural Background

Plaintiff Terrence Lee Broome ("Plaintiff") filed his Complaint *pro se* against Defendant Jefferson Parish ("Defendant") on April 13, 2011, alleging that he was denied a promotion because of his race, African American. (R. Doc. 1.) A summons was issued on May 6, 2011. (R. Doc. 2.)

On July 11, 2011, the undersigned ordered Plaintiff to show cause by July 27, 2011, as to why his case should not be dismissed for failure to serve Defendant within 120 days of filing his Complaint, as required by Federal Rule of Civil Procedure ("Rule") 4(m).[1] (R. Doc. 4.) The undersigned also unambiguously advised that failure to comply with the Show Cause Order could

---

[1]Rule 4(m) states in relevant part:
If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for appropriate period.
Fed.R.Civ.P. 4(m).

result in dismissal without further notice. Plaintiff did not file a response.

On August 16, 2011, the undersigned issued a Report and Recommendation recommending Plaintiff's claims against Defendant be dismissed without prejudice for failure to comply with Rule 4(m). (R. Doc. 5.) The following day, Plaintiff filed proof of service to the Defendant with the Court. (R. Doc. 6.) Accordingly, the presiding Judge declined to dismiss Plaintiff's claims at that time. For the reasons set out below, the undersigned issues this Report and Recommendation and again recommends that Plaintiff's case against Defendant be dismissed.

**II.     Standard of Review**

Proper service of process is a mandatory prerequisite to a suit in federal court. Fed.R.Civ.P. 4(c)(1). Without proper service, this court is without jurisdiction over Defendant and cannot proceed. *Murphy Brothers, Inc., Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999). Further, the party on whose behalf service is made bears the burden of proving that service was valid. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434 (5th Cir. Tex. 1981). Under Rule 4(c)(2), service must be made by a person "who is at least 18 years old and not a party" to the action. Fed.R.Civ.P. 4(c)(2).

**III.    Analysis**

Here, Plaintiff declares "under penalty of perjury" that he served the summons and complaint on Defendant by personally delivering a copy of each to Defendant. However, Plaintiff, who is a party to this litigation, cannot validly serve Defendant. Thus, Defendant has not been properly served.

Rule 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Rule 4 or was not properly served in the appropriate manner. Fed.R.Civ.P.

12(b)(5). Here, Plaintiff has failed to serve the Defendant both in an appropriate or timely manner.

**IV.     Recommendation**

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's claims against Defendant Jefferson Parish be **DISMISSED WITHOUT PREJUDICE** for failing to comply with Federal Rule of Civil Procedure 4(m) and the Show Cause Order (R. Doc. 4) issued by the undersigned on July 11, 2011.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 17th day of January 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.